IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | OPINION AND ORDER |
| | 08-cr-34-bbc |
| v. | 12-cv-620-bbc |
| CARRIE WHEATON, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Carrie Wheaton has filed a motion for post conviction relief under 28 U.S.C. § 2255, asserting that she was denied the effective assistance of counsel. She has also asked for appointment of counsel.

The initial question is whether defendant's motion is timely. Section 2255(f) establishes a one-year period of limitations that begins running from the latest of (1) the date on which the defendant's conviction becomes final; or (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the defendant from filing his motion; or (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and

1

made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence.

Defendant was sentenced in this court on September 23, 2008. She appealed her sentence to the Court of Appeals for the Seventh Circuit, which denied the appeal on January 5, 2010. Her one-year period for filing a motion for post conviction relief began running 90 days after January 5, 2010, or April 4, 2010, and expired on April 4, 2011. The only ground on which her petition could be found timely is under subsection (3). Defendant argues her motion falls under this subsection, in light of recent Supreme Court cases that set new standards for evaluating the effective assistance of counsel in plea bargaining. She cites Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012), in which the United States Supreme Court held that a defendant was denied effective assistance of counsel when the government sent a plea deal to his attorney but the attorney failed to communicate the offer to his client before it expired; and Lafler v. Cooper, 132 S. Ct. 1376, 1383 (2012), in which the court held that a defendant was denied effective assistance of counsel when his defense attorney received a formal plea offer but, relying on an unreasonable misunderstanding of the law, advised his client to reject the offer.

Unfortunately for defendant, she is wrong about the effect of the cases she cites. Although it may appear that the Supreme Court set new standards for certain situations

involving plea bargaining when it decided <u>Frye</u> and <u>Cooper</u>, "it merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and established in the plea-bargaining context in <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985)." <u>Hare v. United States</u>, No. 12-2680, slip op. at 2 (7th Cir. Aug. 6, 2012). In neither case did the Court announce a new rule of constitutional law. <u>Id</u>. Instead, it applied an established rule to the facts of the two cases. <u>Id</u>. at 3. Therefore, § 2255(f)(3) does not apply to her motion, even if her claim were similar to those raised in <u>Frye</u> and <u>Cooper</u>. They are not; she was not kept uninformed about a plea offer and she was not given erroneous advice about accepting the plea offer she received.

 Defendant has not shown that her motion is timely under § 2255(f)(3). Therefore, it must be denied. This decision makes her motion for appointment of counsel moot.

 Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant

has not made the necessary showing, so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

ORDER

IT IS ORDERED that defendant Carrie Wheaton's motion for post conviction relief, dkt. #1, is DENIED as untimely. Her motion for appointment of counsel, dkt. #2, is DENIED as moot. No certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 20th day of September, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4